**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**



JOHN DAVID MCBRIDE,

      Plaintiff,

v.                                        Civil Action No. **3:14CV578**

GREENSVILLE CORRECTION CENTER, *et al.*,

      Defendants.

**MEMORANDUM OPINION**

Plaintiff, a former Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action. In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). In his current Complaint, Plaintiff fails to provide each defendant with fair notice of the facts and the legal basis upon which his or her liability rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiff also fails to comply with Federal Rule of Civil Procedure Rule 8(a). Accordingly, by Memorandum Order entered on March 16, 2015, the Court directed Plaintiff to submit a particularized complaint within fourteen (14) days of the date of entry thereof. The Court warned Plaintiff that the failure to submit the particularized complaint would result in the dismissal of the action. By Memorandum Order entered April 17, 2015, the Court granted Plaintiff an extension of time until May 6, 2015 to file a particularized complaint.

Plaintiff failed to submit a particularized complaint or otherwise respond to the April 17, 2015 Memorandum Order.  Accordingly, the action will be dismissed without prejudice.

An appropriate order will accompany this Memorandum Opinion.

Date: 5-12-15
Richmond, Virginia

/s/
James R. Spencer
Senior U. S. District Judge